UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAMEN XIANGYU LOGISTICS GROUP CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>WHOLESALE 209, LLC,<br><br>Respondent. | No. 2:23-cv-02704-DJC-AC<br><br><u>ORDER DENYING MOTION TO REFUSE TO RECOGNIZE FOREIGN ARBITRATION AWARD WITHOUT PREJUDICE</u> |

Petitioner Xiamen Xiangyu Logistics Group Corporation ("Xiamen") seeks confirmation of a foreign arbitral award against Respondent Wholesale 209, LLC that Petitioner received from the Xiamen Arbitration Commission ("XMAC") in China. According to Respondent, Wentao Lyu, who purportedly signed the agreement after incorporating "Wholesale 209" (no LLC), did not have authority to sign the agreement on behalf of Wholesale 209, LLC.  According to Respondent, it temporarily rented a warehouse room to Wentao Lyu, who then subsequently established Wholesale 209 while engaging in business transactions with Petitioner that formed the basis for the arbitration award.  Respondent opposes the Petition to confirm the foreign arbitral award, arguing that the foreign arbitral award is invalid because Respondent did not

receive adequate notice of the proceedings and that, since Respondent did not consent to the underlying agreement, confirming the award would violate public policy.  For the reasons set forth below, the Court DENIES without prejudice Respondent's Motion to Refuse to Recognize Arbitration Award (ECF No. 13).  The Court concludes that limited discovery is necessary to determine the threshold issue of whether Respondent, as opposed to Wholesale 209 and Wentao Lyu, assented to a contract with Petitioner, and, if so, whether Respondent received notice that satisfied Due Process.

## BACKGROUND

### I. Factual Background

Petitioner is a Chinese corporation that, among other things, sells aluminum alloy wheels and manages supply chains.  (*See* Pet. (ECF No. 1) ¶¶ 1, 7.)  Respondent is a California corporation with its principal offices located at 3158 Transworld Drive, Stockton, California.  (*See id*. ¶ 2.)  Between August 2021, and December 2021, Petitioner and Wholesale 209[1] entered into an International Purchase Contract and nine purchase orders to which Petitioner agreed to sell and Wholesale 209 agreed to buy certain commodities consisting of aluminum alloy wheels.  (*See id*. ¶ 7 (citing Decl. of Aimée Scala in Supp. of Pet. (ECF No. 2) ("Scala Decl.") Ex. A (ECF No. 2-1) (the "Contract") (providing a copy of the International Purchase Contract and the nine purchase orders).)  Subsequently, Petitioner "delivered the goods to Wholesale 209 and issued corresponding invoices in the total amount of $2,162,962.81."  (Pet. ¶ 10 (citing Scala Decl. Ex. B (ECF No. 2-2) (providing 176 pages of invoices).)  "Wholesale 209 failed to pay the outstanding balance for the goods purchased and received from [Petitioner], despite multiple demands by [Petitioner] for payment."  (*Id*. ¶ 11.)

On November 18, 2022, pursuant to the Contract, Petitioner commenced arbitration proceedings before the Xiamen Arbitration Commission.  (*See* Pet. ¶ 12

---

[1] The Court distinguishes between Wholesale 209, LLC, which the Court refers to as Respondent, and Wholesale 209, which the Court refers to as Wholesale 209, the entity incorporated by Wentao Lyu.

(citing Scala Decl. ¶ 5); The Contract at 3.)  The Xiamen Arbitration Commission held hearings on February 22, 2023 and May 5, 2023 before an arbitral tribunal consisting of two arbitrators and one chief arbitrator.  (*See id.* ¶ 13 (citing Scala Decl. ¶ 6).)  On July 10, 2023, the Xiamen Arbitration Commission rendered an Award that disposed of all claims submitted to arbitration in favor of Petitioner.  (*See id.* ¶ 15 (citing Scala Decl. Ex. C (ECF No. 2-3) (providing a copy of the Award notarized by a Chinese public office); Ex. D (ECF No. 2-4) (providing a copy of the Award translated into English).)  The Award required that Petitioner be paid over $2 million for the tires, over $60,000 in accrued interest, almost $25,000 in attorney's fees, and a little over $17,000 in arbitral fees, which, to date, has not been done.  (*See id.* ¶ 16.)

## II.   Procedural Background

Petitioner filed its Petition to confirm the Award on November 20, 2023.  (*See* Pet. at 4.)  On January 18, 2024, Respondent filed the instant Motion to Refuse to Recognize Arbitration Award.  (*See* ECF No. 13; Mem. of L. in Supp. of Respondent Wholesale 209, LLC's Mot. to Refuse to Recognize Arbitration Award (ECF No. 13-2) ("Motion" or "Mot.").)  Petitioner filed its objections, and Respondent replied.  (*See* Pet'r's [Corrected] Mem. of P. and A. in Opp'n to Mot. (ECF No. 24) ("Opposition" or "Opp'n"); Reply (ECF No. 26).)  The Court heard oral arguments on the Motion on June 6, 2024, where Attorney Kent J. Schmidt appeared for Respondent and Attorney Aimée Scala appeared for Petitioner.  The matter is now fully briefed.

## DISCUSSION

## III.   Legal Standard

Confirmation of an arbitral award "is a summary proceeding that converts a final arbitration award into a judgment of the court."  *Ministry of Def. and Supp. for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 104 n.1 (9th Cir. 2011) ("*Cubic Defense Systems*") (citation omitted).  As a summary proceeding, confirmation is governed by the summary judgment standard of Federal Rule of Civil Procedure 56, *see Castro v. Tri Marine Fish Company LLC*, 921 F.3d 766,

777 (9th Cir. 2019), just like motions to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 2, *see Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980)).  Thus, the Court construes all facts and reasonable inferences in the non-movant's favor and will only confirm the arbitration award when no genuine dispute of material fact exists, which requires specific facts from which a reasonable jury could find in the non-movant's favor.  *See Celotex Corp. v. Catrett*, 477 U,S, 317, 322 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986).

      Confirmation of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, known as the "New York Convention."  *See Cubic Defense Systems*, 665 F.3d at 1095.  Federal law implementing the New York Convention is codified at 9 U.S.C. sections 201–208, which provides, in relevant part, that "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207.

      The seven grounds for refusing to confirm an arbitration award are set out in Article V of the Convention.[2]  *Cubic Defense Systems*, 665 F.3d at 1096.  These

---

[2] Article V provides the following: 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

defenses are construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies. *Id*. *See also Castro*, 921 F.3d at 773 (describing the burden as "substantial"). "The judicial role in this process is circumscribed[,]" and "'is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm.'" *Castro*, 921 F.3d at 773 (quoting *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007)).

**IV.   Analysis**

Here, Respondent invokes two defenses under Article V and argues as an initial matter that the Contract is "null and void" under Article II(3). (*See* Mot. at 13-17; Reply at 3-10.) Specifically, Respondent first argues that the Contract is "null and void" because this is a case of, at best, mistaken identity, or, at worst, deceit by the "fraudster, Wentao Lyu" who rented space from Respondent before starting Wholesale 209 and then, allegedly without Respondent's consent, signing the Contract with Petitioner as Wholesale 209, LLC. (*See* Mot. at 12-14; Reply at 3-7.) In the alternative, Respondent asserts that it was given deficient notice because the purported notice was provided in Chinese, a language Respondent's employees do not speak and that was never used in the Contract. (*See* Mot. at 14-17; Reply at 7-9.) Finally, Respondent asserts that confirming the Award would violate public policy of the United States. (*See* Mot. at 17; Reply at 10.) Because the Court concludes that there is a genuine dispute of material fact over whether Respondent assented to the

---

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

(a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

(b) The recognition or enforcement of the award would be contrary to the public policy of that country.

5

Contract with Petitioner, including whether Respondent's actions created apparent authority in Wentao Lyu, the Court need not address Respondent's other defenses.

### A.     The Submitted Evidence Is Sufficient for this Summary Proceeding

As an initial matter, Respondent objects to the evidence Petitioner submitted in connection with the Petition, arguing that the materials lack foundation because Attorney Scala does not have personal knowledge of the business transactions involving Petitioner and Wholesale 209. (*See* Mot. at 11–12; Reply at 2–3.) This argument fails because, as this is a summary proceeding under which Federal Rule of Civil Procedure 56 applies, any facts and evidence suffice here so long as that fact or evidence *could* be admitted at trial. *See* Fed. R. Civ. P. 56(c)(4); *e.g.*, *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (admitting contents of diary at summary judgment, which were hearsay, because the content could be admitted at trial through testimony or through refreshing the author's recollection).

Similarly, Respondent argues that Attorney Scala's Declaration is insufficient because it is not based on personal knowledge. For summary judgment declarations, however, "a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902." *S.E.C. v. Phan*, 500 F.3d at 913 (quoting *Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002)). Here, there are two key pieces of evidence: (1) the Contract and the related purchase orders; and (2) the Award from the Xiamen Arbitration Commission, along with the notarized English translation of it. (*See* Reply at 2–3.) Respondent argues that neither are admissible as self-authenticating foreign documents. (*See id.*) However, the foundation for the Contract and the attached purchase orders can be established by Petitioner's testimony comes trial under Federal Rule of Evidence 901(b)(1).

As for the Award, Federal Rule of Evidence 902(8) permits documents to be authenticated if "accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments." Thus, Federal Rule of Evidence 902(8) satisfies both steps of the

authentication chain for the Award at this stage because both the copy of the Award in Chinese and the translation of it in English are signed under seal by certified notaries who are public officials and presumed to correctly discharge their duties. *See, e.g.*, *Emigrant Mortg. Co., Inc. v. Bourke*, --- F. Supp. 3d ----, ----, No. 21-11133-JCB, 2024 WL 199962, at *7 (D. Ma. Jan. 18, 2024) (collecting cases). *See also* Wright and Miller, *Federal Practice and Procedure* § 7137 (nothing that a foreign document that has been acknowledged or notarized may be self-authenticating under Rule 902(8)). Respondent has not brought forth any argument that these notaries did not properly discharge their duties, so the Court presumes that they did and that the Chinese copy of the Award and the English translation of it are authenticated documents.

**B.     The Contract's Validty Is Genuinely Disputed**

Here, Respondent denies that it had entered into the Contract with Petitioner containing the arbitration clause, arguing that the Contract is "null and void" because of Wentao Lyu's "fraud" and/or because of a lack of assent. Fraud and assent are threshold issues "that can be applied neutrally on an international scale." *Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005) (quoting *DiMercurio v. Sphere Drake Ins. PLC*, 202 F.3d 71, 80 (1st Cir. 2000)). And, here, crucially, the threshold issue of the formation of the contract cannot be delegated to the arbitrator, *see Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 635 (9th Cir. 2021) (citing *Granite Rock*, 561 U.S. at 299–300), even though there is language in the Contract incorporating the rules of the Xiamen Arbitration Commission that might suggest an intent to delegate threshold issues to the arbitrator.

As a result of their international application, threshold issues under the New York Convention like fraud and assent are governed by "federal substantive law," *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1168 (9th Cir. 2021), which, in turn, looks to "general principles for interpreting contracts." *Casa del Caffe Vergnano S.P.A. v. ItalFlabors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016) (quoting *GECCMC 2005-C1 Plummer St. Office L.P. v. JPMorgan Chase Bank*, 671 F.3d 1027, 1033 (9th Cir. 2012)).

"Often these general principles are found in the Restatement (Second) of Contracts[,]" *id.* (citing *Clevo Co. v. Hecny Transp., Inc.*, 715 F.3d 1189, 1194 (9th Cir. 2013)), and other Restatements, including tentative drafts that have been approved of the American Law Institute's Restatement on International Commercial Arbitration for "helpful guidance and background[,]" *Castro*, 921 F.3d at 774; *see id.* at 774 n.3.

Under the Second Restatement of Contracts, mutual assent or a "meeting of the minds" is a required element of any contract or "bargain," regardless of form. *Restatement (Second) of Contracts* §§ 17 cmts. b–c; 18 (Am. L. Inst. 1981) (Oct. 2023 Update). Here, this case all comes down to whether there was a meeting of the minds between Petitioner and Respondent rather than between Petitioner and Wholesale 209 and Wentao Lyu. Respondent denies signing the agreement and instead argues that it was signed by Mr. Lyu, a fact that Petitioner appears to accept for purposes of this motion. (Opp'n at 9–10.) The parties dispute, however, whether Lyu was authorized to sign on behalf of Wholesale 209, LLC.

The Court concludes that there is a genuine dispute of material fact regarding Petitioner's theory of ratification. While the signing of the rental agreement, standing alone, is insufficient to show ratification and infer an agency relationship as argued by Petitioner, *see* (Opp'n at 9–10;) *Restatement (Second) of Agency* § 27 cmt. b (Am. L. Inst. 1958) (June 2024 Update), it appears that Respondent paid for and sold some of the tires shipped to Lyu by Petitioner (*see* ECF No. 13-2 ¶¶ 2–7 (providing the declaration of the "person "in charge of the day-to-day operations of Wholesale 209, LLC since its founding in 2013.").) Even if Respondent disclaims responsibility for Lyu's signing of the Contract, Respondent may still be bound by the Contract by receiving or retaining a benefit from the Contract that Respondent knew or should have known could not have been for Respondent unless it was bound by the Contract. *See Restatement (2d) of Agency* § 98 cmt. a; *see also id.* § 99.

Here, there is a crucial and ambiguous factual issue: whether Respondent affirmed the Contract after it received and retained a benefit from the Contract by

selling "some of the product that had been shipped[ ]" to Respondent's location. (ECF No. 13-2 ¶ 7.) Respondent puzzlingly argues that it sold the wheels because it believed the wheels "had been shipped to [Respondent] pursuant to [its] relationship with Lyu's new company." (*Id.*) But Respondent and Lyu only agreed to a rental or lease contract, *not* a contract to store and sell tires. (*See id.* ¶ 4; ECF No. 13-2 at 7–14 (providing Exhibit A, which contains the lease agreement).) Thus, there is a genuine dispute of material fact regarding whether Respondent ratified Lyu's conduct because even a forged contract may be potentially ratified by receiving or retaining a benefit. *See Restatement (2d) of Agency* § 85 cmt. b.

As a result, the Court DENIES without prejudice Respondent's Motion subject to additional discovery consistent with Federal Rule of Civil Procedure 56(d)(2) and (e)(1).

### C.  The Notice and Public Policy Defenses Under Article V

Because the Court concludes that there is a genuine dispute of material fact regarding the threshold issue of assent between Petitioner and Respondent, the Court does not address Respondent's other defenses under Article V. However, the Court notes that the public policy defense and the notice defense are intertwined. That is because "[t]he public policy exception in Article V(2)(b) . . . is very narrow, and applies only where enforcement of the award would violate the most basic notions of morality and justice of the forum where enforcement is sought." *Europcar Italia S.p.A. v. Maiellano Tours, Incorporated*, 156 F.3d 310, 315 (2d Cir. 1998).

Further, Respondent's notice defense under the New York Convention requires courts to look to the forum's standard of due process. *See Iran Aircraft Industries v. Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). And notice only need be reasonably calculated under the circumstances to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. *See Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314–15 (1950).

1   Here, it is not clear whether Respondent had actual notice before the first hearing on February 15, 2023. However, it appears that Respondent had actual notice by March 2, 2023, before the second hearing on May 5, 2023. While this subsequent notice may be insufficient, *see CEEG (Shanghai) Solar Science & Technology Co., LTD v. Lumos, LLC*, 829 F.3d 1201 (10th Cir. 2016), the Court will permit additional limited discovery regarding the issue of notice under the New York Convention, consistent with Federal Rule of Civil Procedure 56(d)(2) and (e)(1).

**CONCLUSION**

For the reasons set forth above, the Court DENIES without prejudice Respondent's Motion to Refuse to Recognize Arbitration Award (ECF No. 13). The Court concludes that there is a genuine dispute of material fact regarding the threshold issue of whether Respondent, as opposed to Wholesale 209 and Wentao Lyu, assented to and formed a contract with Petitioner. Therefore, the parties are ORDERED to file a Joint Status Report within 30 days that provides a proposed schedule for limited discovery related to the issues of apparent authority and mutual assent as well as notice under the New York Convention, along with any topics in Federal Rule of Civil Procedure 26(f) that the parties deem relevant; and that also provides proposed dates for a trial on the issues identified in this Order. The parties are also instructed to provide any updates on the third-party complaint Respondent seeks to bring against Wentao Lyu and Wholesale 209. (*See* ECF No. 13-1 at 22; ECF No. 26 at 11.)

IT IS SO ORDERED.

Dated:   **July 16, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Wholesale209.23cv2704.Mot.Reject.Foreign.Arbitral.Award