UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XIAMEN XIANGYU LOGISTICS GROUPCORPORATION,

Petitioner,

v.

WHOLESALE 209 LLC,

Respondent.

No.  2:23-cv-02704 DJC AC

FINDINGS AND RECOMMENDATIONS

WHOLESALE 209, LLC,

Third Party Petitioner,

v.

WENTAO LYU, and DOES 1-50, inclusive.,

Third Party Respondents.

This matter is before the court on third party petitioner Wholesale 209, LLC's ("Wholesale") motion for default judgment against third party respondent Wentao Lyu.  ECF No. 67.  The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  The motion was taken under submission on the papers.  ECF No. 70.  For the reasons set forth below, the

1

undersigned recommends the motion be GRANTED, and that judgment be entered in favor of Wholesale.

## I.        Relevant Background

This case was initiated on November 20, 2023 by petitioner Xiamen Xiangyu Logistic Group Corporation ("Xiamen") against respondent Wholesale 209, LLC as a petition to confirm a foreign arbitration award pursuant to 9 U.S.C. § 207.  ECF No. 1.  Xiamen alleged that in 2021, Xiamen and Wholesale entered into an International Purchase Contract ("Contract") and nine purchase orders, pursuant to which Xiamen agreed to sell and Wholesale agreed to buy certain commodities consisting of aluminum alloy wheels.  Id. at 2.  Xiamen alleged that Wholesale failed to pay the outstanding balance for the goods purchased and received from Xiamen, despite multiple demands by Xiamen for payment.  ECF No. 1 at 3.  The Contract provided for the arbitration of any dispute before the Xiamen Arbitration Commission (the "Commission") in accordance with its rules.  Id. at 2.  On February 22, 2023, and May 5, 2023, hearings were held by the Commission and on July 10, 2023, the arbitrational tribunal rendered an "Award" in full adjudication of all claims submitted to arbitration in favor of Xiamen.  Id. at 3.

On January 18, 2024, Wholesale filed a third party complaint against Wentao Lyu.  ECF No. 14.  Wholesale alleged that Lyu fraudulently signed the series of contracts and purchase orders with Xiamen, misrepresenting that Wholesale was the signatory to those contracts and purchase orders.  Id. at 3.  On August 5, 2025, Xiamen and Wholesale settled and requested dismissal of the claims between them.  ECF No. 63.  The stipulation included the caveat that "Wholesale 209 LLC's Third-Party Claims against Third Party Respondent Wentao Lyu remain pending and are unaffected by this Stipulation of Dismissal."  Id. at 2.

On April 2, 2024, the Clerk's Certificate of Entry of Default against Lyu was filed.  ECF No. 28.  Wholesale filed a status report on August 19, 2025, stating its intent to move for default judgment against Lyu.  ECF No. 65.  This notice was served on Lyu by mail.  Id. at 4.  Lyu did not appear or respond.  On April 9, 2026, Wholesale moved for entry of default judgment against Lyu.  ECF No. 67.  The motion was served on Lyu.  ECF No. 69.  At no time has Lyu made an appearance or participated in this lawsuit.  The motion for default judgment is supported by the

2

declarations of Naveed Ashgar, the person in charge of Wholesale (ECF No. 67-1) and Wholesale's counsel Kent J. Schmidt (ECF No. 67-2).

## II.   Motion

Wholesale moves for default judgment on all counts, seeking the following relief: (1) monetary damages in the amount of [REDACTED], an amount corresponding to the settlement payment paid under the July 30, 2025 agreement with Xiamen, (2) injunctive relief permanently enjoining Lyu from " (a) impersonating Wholesale 209, LLC or otherwise using Wholesale's name, identity, or any confusingly similar variation in any business transaction; and (b) Representing, directly or indirectly, that he is affiliated with, authorized by, acting for, or able to bind Wholesale 209, LLC, including forming or using any entity name incorporating 'Wholesale 209' or similar to Wholesale 209, LLC's name," and (3) post-judgment interest at the maximum allowable rate.  ECF No. 67-3 at 3.

## III.   Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court may consider the following factors: the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

1. Factor One: Possibility of Prejudice to Moving Party

The first Eitel factor considers whether the moving party, Wholesale, would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, Wholesale would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief

4

sought.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175.  Following entry of default, the court takes the complaint's well-pleaded allegations regarding liability as true. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Wholesale brought six causes of action against Lyu in its third-party petition: (1) Fraudulent Misrepresentation; (2) Violation of California Business and Professions Code § 17200; (3) Equitable Implied Indemnity; (4) Equitable Comparative Indemnity; (5) Violations of California Penal Code; and (6) Declaratory Relief.  ECF No. 14 at 2.  In the motion for entry of default judgment, Wholesale focuses on its claim for equitable implied indemnity, which it asserts is an equable doctrine "developed by the courts to address the unfairness which results when one party, who has committed no independent wrong, is held liable for the loss of a plaintiff caused by another party."  ECF No. 67 at 5.[1]  Wholesale asserts that it is entitled to indemnification by Lyu for the amount it paid to settle Xiamen's lawsuit, which arose directly from Lyu's fraudulent impersonation.  ECF No. 67 at 6.

In California, the elements of a cause of action for equitable indemnity are "(1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is equitably responsible."  Silverlake Park LLC v. Stewart Title Guar. Co., No. 2:17-cv-03291-CAS-AG-RX, 2024 WL 643215, at *5 (C.D. Cal. Feb. 12, 2024), quoting C.W. Howe Partners Inc. v. Mooradian, 43 Cal. App. 5th 688, 700 (2019) (internal citations omitted). "Equitable indemnity requires no contractual relationship and is subject to allocation of fault principles and comparative equitable apportionment of loss."  Id.

Here, Wholesale alleges that Lyu fraudulently executed an August 30, 2021 "International Purchase Contract" purporting to bind Wholesale to Xiamen, followed by eight purchase orders

---

[1]  Wholesale cites only Simpson Timber Co. v. Parks, 390 F.2d 353 (9th Cir. 1968) to support its equitable indemnity claim.  ECF No. 67 at 6.  Simpson is a maritime case in which the Ninth Circuit applied federal common law.  The analysis is inapplicable here. The action between Wholesale and Lyu is based on supplemental jurisdiction and diversity jurisdiction.  ECF No. 14 at 2-3.  When a federal court sits in diversity jurisdiction, it must apply state substantive law and federal procedural law.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Accordingly, California common law on the substantive issue of equitable indemnity governs.  Because the result is unchanged, the court proceeds with the analysis.

in late 2021, inducing shipment of more than $2 million in aluminum alloy wheels. ECF No. 14 (Third-Party Complaint) ¶¶ 8-12. Lyu had no affiliation or authority to act for Wholesale; only designated personnel at Wholesale were authorized to enter into such agreements. Id. ¶¶ 7, 18; Ashgar Decl. ¶ 6. The associated bills of lading identified Lyu's phone number and the email addresses associated with his rims businesses as the "notify party," rather than providing Wholesale's contact information; evidence further shows that Lyu formed a separate California entity named "Wholesale 209" using Wholesale's Stockton address—steps which facilitated the impersonation and downstream arbitration against the real Wholesale. Ashgar Decl., ¶ 5, Ex. 1; see also, the concurrently filed Declaration of Kent J. Schmidt ("Schmidt Decl."), ¶¶ 8-9; Exs. E and F.

Xiamen initiated an arbitration in China based on Lyu's fraudulent contract and obtained an award against Wholesale exceeding $2.14 million, plus interest, and costs. Third-Party Complaint ¶¶ 12, 20–21. The record shows the Arbitration Commission attempted notice to Wholesale in Chinese only and proceeded without Wholesale's appearance. Xiamen then filed a Petition to Confirm Foreign Arbitration Award in this Court, seeking to enter the award as a U.S. judgment for enforcement. Wholesale moved to refuse recognition and enforcement, explaining the fraud and lack of reasonable notice, and filed its Third-Party Complaint against Lyu on January 18, 2024. ECF Nos. 13 and 14. To cap exposure created by Lyu's fraud and the foreign award enforcement proceeding and resulting $2.14 million arbitration award, Wholesale executed a settlement agreement with Xiamen which, as stated above, expressly preserved Wholesale's claims against Lyu. On these facts, Wholesale has adequately demonstrated that Lyu is at fault for the entire financial loss incurred by Wholesale and accordingly demonstrated a likelihood of success on the merits of this claim. C.W. Howe Partners, 43 Cal. App. 5th at 700. This factor favors entry of default judgment.

          3.   Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Here, Wholesale seeks reimbursement for the amount it paid in the settlement agreement with Xiamen. The undersigned accordingly finds that the

amount at issue is proportionate to the seriousness of Lyu's conduct.

Wholesale also seeks injunctive relief in the form of a permanent injunction. "Under well-established principles of equity, a plaintiff seeking permanent injunctive relief must satisfy a four-factor test by demonstrating: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Cottonwood Envtl. Law Ctr. v. United States Forest Serv., 789 F.3d 1075 (9th Cir. 2015) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). Wholesale has shown it has suffered irreparable injury to its reputation as a result of Lyu's impersonation. Intangible injuries, such as damage to goodwill, are irreparable because quantifying their harm is, in most cases, impractical or impossible. Qwest Communs. Corp. v. City of Berkeley, 146 F. Supp. 2d 1081, 1103 (Cal. 2001). The court is further satisfied that the legal remedy is insufficient because it leaves Wholesale vulnerable to continued impersonation by Lyu. Particularly in light of Lyu's failure to appear in this case, the undersigned finds that the balance of hardships and the public interest are served by permitting injunctive relief. This Eitel factor favors entry of default judgment.

### 4.   Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and petitioner has provided the court with well-pleaded allegations supporting its claims. As stated above, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177. This factor favors entry of default judgment.

////

7

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Lyu was personally served with the summons and third party complaint on January 31, 2024.  ECF No. 18.  Lyu was also served with the request for entry of default judgment.  ECF No. 69.  Despite ample notice of this lawsuit and petitioner's intention to seek a default judgment, Lyu failed to defend in this action.  Thus, the record supports the conclusion that Lyu has chosen not to defend this action, and not that the default resulted from any excusable neglect.  Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against defendant.  What remains is the determination of the terms of judgment.

## C.  Terms of Judgment

Plaintiff seeks monetary damages and injunctive relief, along with post-judgment interest.  ECF No. 67-3.  The amount of monetary relief sought ([REDACTED]) is directly derived from the settlement amount between Wholesale and Xiamen.  ECF No. 67 at 4.  This amount is substantially less than the $2.14 million foreign arbitration award.  ECF No. 67 at 6.  Because the amount sought for indemnification is derived from the amount Wholesale was required to pay to

Xiamen, the court finds it appropriate.  Further, as discussed above, injunctive relief to prevent continued impersonation by Lyu is appropriate, as ordered below.

### IV.    Conclusion

It is RECOMMENDED THAT:

1. Wholesale's motion for default judgment (ECF No. 67) be granted and default judgment should be entered in favor of Wholesale 209, LLC and against Third Party Respondent Wentao Lyu consistent with Rule 55(b)(2);

2. Wholesale 209, LLC is awarded damages in the amount of [REDACTED] as indemnity corresponding to the settlement payments paid under the July 30, 2025, settlement with Xiamen;

3. Lyu be permanently enjoined from: (a) Impersonating Wholesale 209, LLC or otherwise using Wholesale's name, identity, or any confusingly similar variation in any business transaction; and (b) Representing, directly or indirectly, that he is affiliated with, authorized by, acting for, or able to bind Wholesale 209, LLC, including forming or using any entity name incorporating "Wholesale 209" or similar to Wholesale 209, LLC's name;

4. Wholesale 209, LLC is awarded as the prevailing party and post-judgment interest at the maximum allowable rate; and

5. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 26, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE